IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,719-01






EX PARTE LEVI SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2001CR6471B IN THE 186TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to sixty years' imprisonment. The Fourth Court of Appeals affirmed his
conviction. Smith v. State, No. 04-03-00416-CR (Tex. App.-San Antonio 2004, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to move to suppress a prejudicial identification procedure, failing to move to suppress the fruits of
an allegedly illegal arrest, and failing to object to allegedly inadmissible victim impact evidence.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. This Court
recognizes that the trial court made findings of fact in this case. However, this Court feels that an
affidavit from trial counsel is necessary to address Applicant's claims. The trial court shall provide
Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether the pre-trial identification procedure was prejudicial and
if trial counsel was ineffective for failing to file a motion to suppress, whether Applicant's arrest was
illegal and if trial counsel was ineffective for failing to file a motion to suppress the evidence
obtained by that arrest, and finally whether the victim impact evidence to which Applicant refers was
inadmissible, and if trial counsel was ineffective for failing to object. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: NOVEMBER 15, 2006


Do not publish